IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MANUEL HAROLDO                          )
HERNANDEZ TRABANINO,                    )
                                        )
        Petitioner,                     )
                                        )
    v.                                  )        Case No. 3:26-cv-175
                                        )        Judge Stephanie L. Haines
LEONARD ODDO, *et al.*,                 )
                                        )
        Respondents.                    )
                                        )

## MEMORANDUM OPINION

On February 9, 2026, Petitioner Manuel Haroldo Hernandez Trabanino ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C § 2241 and the Suspension Clause of the United States Constitution. ECF No. 1. Petitioner named as Respondents: Leonard Oddo (in his official capacity as Warden of Moshannon Valley Detention Center ("MVPC")), Brian McShane (in his official capacity as Acting Field Officer of Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") Philadelphia Field Office), Kristi Noem (in her official capacity as Secretary of the Department of Homeland Security ("DHS")), and Pam Bondi (in her official capacity as Attorney General of the United States) (collectively, "Respondents").

Along with his Habeas Petition, Petitioner also filed a Motion to Appoint Counsel on February 9, 2026. ECF No. 3. On February 11, 2026, this Court issued an Order denying the Motion, concluding that appointment of counsel was not appropriate under the circumstances. ECF No. 4. The Court then set a briefing schedule, ECF No. 5, and Respondents' counsel subsequently entered their appearance on February 12, 2026. ECF No. 6.

On March 2, 2026, Petitioner filed a Supplement to his Habeas Petition. ECF No. 7.

1

Therein, Petitioner corrects and clarifies several dates present in his Habeas Petition, including his date of entry, his date of marriage, and his original date of detainment. *Id.* He also attaches what appears to be part of a filing submitted to the Third Circuit. *Id.* Then, on March 4, 2026, Petitioner filed a Remark updating the Court on the status of his appellate proceedings before the Board of Immigration Appeals and the Third Circuit. ECF No. 8.

On March 11, 2026, Respondents filed a Response to Petitioner's Habeas Petition. ECF No. 9. Then, on May 29, 2026, Petitioner filed a Motion Requesting an Update with several exhibits pertaining to bond factors. ECF No. 10. In this Motion, Petitioner alleges that he has received no "answer or news about the case" in almost four months. *Id.* Upon receiving this Motion, Respondents notified the Court that they would send another copy of their Response to Petitioner. ECF No. 11.

Petitioner's Habeas Petition is now fully briefed and ripe for disposition. Because ruling on the claim raised in Petitioner's Habeas Petition, ECF No. 1, will provide the update requested in Motion at ECF No. 10, the Court will address both filings in one breath.

For the following reasons, the Court will **GRANT** Petitioner's Habeas Petition, ECF No. 1, in so much as it requests that this Court direct that he be afforded a constitutionally adequate bond hearing before an Immigration Judge and will **DENY** Petitioner's Habeas Petition, ECF No. 1, in all other respects. As such, this Court will **DENY** Petitioner's Motion at ECF No. 10 as moot.

## I.    Facts[1]

Petitioner was born in Guatemala and entered the United States on a B-1 visitor visa on or around April 2, 2003. ECF No. 1, p. 2; ECF No. 9, p. 1. He was only authorized to stay in the United States until October 2, 2003, but he failed to depart by that date. ECF No. 1, p. 2; ECF No.

---

[1] The Court derives the following undisputed factual background from both Petitioner's and Respondents' submissions to the Court.

9, p. 1. During that time, Petitioner also "did not file any petitions or applications for adjustment of status." ECF No. 9, p. 1.

After a brief incident with the Drug Enforcement Agency ("DEA") in 2018, the DEA arrested Petitioner "and charged him with Possession With Intent To Distribute Heroin" on January 18, 2022. ECF No. 7, p. 1; ECF No. 9, p. 2. For two years, Petitioner was on ankle monitoring pending his final court date, and on February 8, 2024, Petitioner pled guilty to "possession with intent to distribute one kilogram of heroin and was sentenced to time served and 3 years of supervised release." ECF No. 7, p. 1; ECF No. 9, p. 2.

Upon receiving his sentence, Petitioner was arrested by ICE, transferred to immigration detention, and served with a Notice to Appear. ECF No. 1, p. 2; ECF No. 9, p. 2. This Notice to Appear alleged that Petitioner was removable under INA § 237(a)(1)(B) because he is "not a citizen or national of the United States;" is "a native of Guatemala and a citizen of Guatemala;" was "admitted to the United States at Miami, Florida on or about April 2, 2003;" and "remained in the United States beyond October 2, 2003[,] without authorization from the Immigration and Naturalization Service or its successor, the Department of Homeland Security." ECF No. 9-3, p. 2. It was later amended in part to read that he was "admitted to the United States at Miami, Florida on or about April 2, 2003[,] as a non-immigrant B-1 visitor with authorization to remain in the United States for a temporary period not to exceed October 2, 2003[.]" ECF No. 9-4, p. 2.

After several immigration proceedings, including an appeal to and partial remand from the Board of Immigration Appeals, Petitioner's applications for asylum, withholding of removal, and CAT protection were ultimately denied by an Immigration Judge on June 27, 2025. ECF No. 9, p. 3. Upon this denial, Petitioner appealed again to the Board of Immigration Appeals on July 21,

3

2025, which was subsequently denied on February 13, 2026, and then petitioned to the Third Circuit on February 24, 2026. *Id.*; ECF No. 8, p. 1.[2]

## II.    Due Process Claim Arising Out of Continued Detention

Petitioner contends that "procedural due process requires that [he] be released or, at minimum, afforded a constitutionally adequate bond hearing at which the government must justify [his] continued detention." ECF No. 1, p. 5 (capitalization adjusted). In support of his due process claim and in evaluation of the *German Santos*[3] factors, Petitioner: (1) notes that the duration of his detention is over 24 months (now over 28 months); (2) cites the fact that he has an appeal pending before the BIA (now pending before the Third Circuit); (3) explains that he has not requested any continuance or delayed his removal proceedings through other means; and (4) contends that his detention is not meaningfully different than criminal custody due to current conditions at MVPC. ECF No. 1, p. 6-12; ECF No. 10, p. 1.

As such, Petitioner requests that this Court "[a]ssume jurisdiction over this matter;" order the Respondents to comply with certain filing provisions; "[g]rant a Writ of Habeas Corpus requiring Respondent to provide [him] with an individualized bond hearing before a neutral arbiter at which Respondent must bear the burden of establishing by clear and convincing evidence that [his] continued detention is justified[;]" and "[o]rder that the [I]mmigration [J]udge must consider alternatives to detention and [his] ability to pay when setting a monetary bond[.]" ECF No. 1, p.

---

[2] In the Petition for Review, Petitioner requests that the Third Circuit review the "decision of the Immigration Judge" and the "order in removal proceedings denying [his] applications for Asylum, Withholding of Removal, and protection under regulations implementing the Convention Against Torture (CAT)[.]" ECF No. 7, p. 2. As of the parties' last update to the Court, the Petition for Review is still pending before the Third Circuit. ECF No. 9, p. 3-4.

[3] *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020). In *German Santos*, the court identified four factors to consider whether continued detention without a bond hearing is unreasonable: (1) duration of the detention; (2) whether the detention is likely to continue; (3) the reasons for the delay, but not holding an alien's good-faith challenge to his removal against him; and (4) whether the alien's conditions of confinement are meaningfully different from criminal punishment. *Id.*

14-15. Alternatively, he asks that this Court "order the Respondents to release [him] from further unlawful detention and enter injunctive relief enjoining Respondent from unlawfully detaining [him] any further[,]" or any other such relief that the Court deems just and proper. *Id.*

Respondents maintain Petitioner's detention is mandatory under 8 U.S.C. § 1226(c) and allege, "given Petitioner's criminal history, flight is a valid concern as is danger to the community." ECF No. 9, p. 4.[4] Recognizing the established precedent in the Third Circuit, however, Respondents acknowledge that "the Third Circuit has held that detention under § 1226(c) violates the Due Process Clause when it 'becomes unreasonable[,]'" but insist that "[t]he *German Santos* analysis does not entitle Petitioner to a bond hearing" because only one factor favors Petitioner, while two factors favor Respondents. ECF No. 9, p. 5-9 (citing *German Santos*). In particular, Respondents allege that the second factor, the likelihood of continued detention, and the fourth factor, conditions of confinement, both weigh in their favor. *Id.*

### A. Legal Standard

The Court begins by analyzing the statutory provisions at issue.[5]

"Under 8 U.S.C. § 1226(c), the Government must detain certain criminal aliens pending their removal proceedings, even if they were lawfully present in the United States." *German Santos*, 965 F.3d at 206. The mandatory detention provision in Section 1226(c) provides that the Attorney General "*shall take into custody* any alien who…is deportable by reason of having

---

[4] Respondents argue that under § 1226(c), Petitioner is not entitled to a bond hearing but instead must remain detained during the pendency of his removal proceedings. ECF No. 9, p. 4. Petitioner has not raised the issue of whether he is properly subject to mandatory detention under 1226(c). *See generally* ECF No. 1. As such, the analysis that follows focuses squarely on § 1226(c) and Petitioner's as-applied challenge to his continued detention under the Due Process Clause.

[5] Because both parties agree that the Court has jurisdiction to hear federal habeas petitions arising from MVPC, the Court will not address jurisdictional requirements in this written opinion.

committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]"
8 U.S.C. § 1226(c)(1) (emphasis added).

Further, the Supreme Court has held that mandatory "[d]etention during removal proceedings is a constitutionally permissible part of that process[;]" *Demore*, 538 U.S. at 531, indeed, "deportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character." *Id.* at 523 (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). In this way, the Supreme Court set forth that "the mandatory detention of a noncitizen does not [*on its face*] offend the Due Process Clause…so long as [the noncitizen] falls within the scope of § 1226(c) by 'reason of having committed any of the specified offenses." *Gayle v. Warden Monmouth County Correctional Institution*, 12 F.4th 321, 330 (3d Cir. 2021) (quoting *Demore*, 538 U.S. at 527–28).

Yet, "detention under § 1226(c) *may* violate due process if unreasonably long." *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018) (emphasis added). As such, "aliens lawfully present can still bring *as-applied* challenges to their detention." *See German Santos*, 965 F.3d at 208–09 (emphasis added). The Third Circuit has explained this principal simply: "[W]hen detention becomes unreasonable, the Due Process Clause demands a bond hearing." *Id.* at 210 (quoting *Diop v. ICE/Homeland Security*, 656 F.3d 221, 233 (3d Cir. 2011)); *see also id.* at 209 ("[O]nce 'continued detention be[comes] unreasonable or unjustified…a lawful permanent resident alien' could be 'entitled to an individualized determination as to his risk of flight and dangerousness.'") (quoting *Demore*, 538 U.S. at 532 (Kennedy, J., concurring)).

"Reasonableness is a 'highly fact-specific' inquiry." *Id.* at 210 (quoting *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 474–75 (3d Cir. 2015)). As such, Courts in the Third Circuit are to apply "a nonexhaustive list of four factors…in assessing whether an alien's detention

has grown unreasonable." *Id.* at 211. These four factors are: (1) duration of detention; (2) whether detention is likely to continue; (3) reasons for the delay; and (4) whether the alien's conditions of confinement are meaningfully different from criminal punishment. *Id.*

### B. Analysis

#### i. Duration of Detention

When considering whether mandatory detention under § 1226(c) has become unreasonable as to entitle the detainee to a bond determination hearing, "[t]he most important factor is the duration of detention." *German Santos*, 965 F.3d at 211. While there is no bright-line threshold of time that permits a court to presume that detention has crossed the line from reasonable to unreasonable, detention does become "'more and more suspect'" the longer it continues. *See id.* (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011)); *see also Gayle*, 12 F.4th at 332 ("If a noncitizen is found to fall within § 1226(c), she may not seek release on bond unless and until her detention has become 'unreasonably long,' which, under our precedents, *may be* six months or more.") (citing *German Santos*, 965 F.3d at 210–211) (emphasis added). Although the Supreme Court's decision in *Jennings* "foreclosed reading the statutory text as guaranteeing periodic bond hearings," *German Santos*, 965 F.3d at 210—an inquiry that begins and ends with the duration of detention—the operative, post *Jennings* framework applied in the Third Circuit utilizes the duration of the detention to establish a base level of concern before evaluating it "along with all other circumstances[.]" *Id* at 211 (citing *Jennings v. Rodriguez*, 583 U.S. 281 (2018)).

Here, Petitioner has been detained for over 28 months. *See* ECF No. 1, p. 6-12; ECF No. 10, p. 1. Even though Petitioner's detention is just shy of the 30 months that triggered a bond hearing in *German Santos*, it is still much longer than the "six-month-to-one-year period that triggered a bond hearing in *Chavez-Alvarez* [*v. Warden York County Prison*, 783 F.3d 469, 477

(3d Cir. 2015)]" and is akin to the detention period that triggered a bond hearing in the recent *White v. Warden Pike County Corr. Facility. See German Santos*, 965 F.3d at 212; *White v. Warden Pike County Corr. Facility*, No.23-2872, 2024 WL 4164269, at *1 (3d Cir. Sept. 12, 2024) (per curiam) (concluding that a detention of more than two years weighed strongly in the petitioner's favor); *see also Nyamekye v. Oddo*, No. CV 22-240J, 2023 WL 9271844, at *3 (W.D. Pa. Mar. 28, 2023), report and recommendation adopted as modified, No. CR 3:22-CV-240, 2023 WL 9271879 (W.D. Pa. May 4, 2023) (stating that "[c]ourts within this circuit have previously found detention for over one year weighs in favor of the petitioner"; citing cases). Further, Respondents agree with Petitioner that this factor is likely to weigh in his favor. ECF No. 9, p. 5-6. Therefore, the duration of Petitioner's detention weighs strongly in his favor.

### ii.    Likelihood of Continued Detention

When evaluating the second factor, a habeas court must consider "whether the detention is likely to continue." *German Santos,* 965 F.3d at 211. Here, Petitioner's case is distinct because his Habeas Petition has already been reviewed and denied by the Board of Appeals. *See* ECF No. 9, p. 3. Thus, he must only wait for the review of his case in the Third Circuit. *See generally* Docket 26-1414.

Various courts in this Circuit have weighed this factor differently depending on the stage of review in the respective Circuit Court. *See, e.g., Van v. Oddo,* 2025 WL 3492736, at *6-7 (W.D. Pa. Dec. 5, 2025) (finding that likelihood of continued detention weighed in petitioner's favor where a Third Circuit briefing schedule had not yet been issued); *Kim v. Rokosky*, 2026 WL 811027, at *3 (D.N.J. Mar. 24, 2026) (reasoning that a pending appeal to the circuit court meant that detention is likely to continue); *White*, 2024 WL 4164269, at *2 (3d Cir. Sept. 12, 2024) (per curiam) (concluding that detention was unreasonable where petition for review was stayed pending

8

another case); *but see, e.g., Appiah v. Lowe*, No.24-2222, 2025 WL 510974, at *4 (M.D. Pa. Feb. 14, 2025) (finding that an appeal awaiting a final determination has a definite termination point, thus weighed against petitioner).

Here, although a briefing schedule was issued in the Third Circuit on April 14, 2026, the appeal has yet to be fully briefed and thus is not ripe for final determination. *See generally* Docket 26-1414. Additionally, as discussed below, there have been several continuances that have stretched this case longer than may have been anticipated. *See Section iii.* As such, given the current stage of review, this Court cannot speculate as to how long this Petition for Review will be pending before the Third Circuit, so this factor is neutral as to both parties.

### iii.    Reasons for Delay

In assessing the impact of the reasons for delay upon the reasonableness of detention pursuant to § 1226(c), a Petitioner's "appeals and applications for discretionary relief [are not held] against him[.]" *German Santos*, 965 F.3d at 212. But, neither are delays or alleged errors held against the government "[a]bsent carelessness or bad faith[;]" for "[n]o system of justice can be error-free, and those errors require time to fix." *Id.* (citing *Diop*, 656 F.3d at 234).

Here, Petitioner has not received any continuances from the immigration court, *see* ECF No. 1, p. 9; ECF No. 9, p. 7, but he has requested multiple continuances from the Third Circuit for several separate filings. *See, e.g.,* Docket 26-1414, Nos. 30, 33 (wherein Petitioner requested an extension of time from May 26, 2026, until July 9, 2026, to file the brief and appendix). These minor continuances in the Third Circuit, however, cannot "credibly be considered as a factor in the length of his detention[,]" as he was detained for two years before even reaching the Third Circuit. *See Leslie v. AG of the United States*, 678 F.3d 265, 270-271 (discounting a five-week continuance relative to a multi-year detention). Further, there are no contentions that Respondents

have, themselves, caused delays through alleged errors, let alone through carelessness or bad faith. *See* ECF No. 1, p. 10; ECF No. 9, p. 7. As such, in light of these factors, the Court finds that the reasons for delay here do not favor either party.

### iv.   Conditions of Confinement

When assessing the reasonableness of a petitioner's detention, "we cannot ignore the conditions of confinement." *German Santos*, 965 F.3d at 212–13 (citing *Chavez-Alvarez*, 783 F.3d at 478). Here, Petitioner is detained at MVPC—which exclusively houses alien detainees—rather than in a prison. *See Akmadjanov v. Oddo*, No. 3:25-cv-35, 2025 WL 660663, at *5 (W.D. Pa. Feb. 28, 2025) ("Respondents are correct that [MVPC] 'only houses individuals detained for immigration purposes' and that 'Petitioner is not in a prison serving a criminal punishment.'") (cleaned up). Be that as it may, under *German Santos*, this Court is required to examine the factual circumstances particular to Petitioner in order to assess whether "his detention is indistinguishable from criminal punishment[,]" "[d]espite its civil label," rather than rest its determination on generalized assessments of the history of the facility in which he is housed or the experiences of a petitioner in another case. *See German Santos*, 965 F.3d at 210.

Here, Petitioner alleges that his "detention at [MVPC] is not meaningfully different than criminal punishment" and that he is "restricted from moving freely[,]" but the remaining allegations are based on generalizations of others' conditions and reports. *See* ECF No. 1, p. 10-12. As stated above, this inquiry must be related to Petitioner's specific factual circumstances, rather than others' experiences. *Cf. Reid v. Oddo,* No. 3:25-CV-237, 2025 WL 3123895, at *9 (W.D. Pa. Nov. 7, 2025) (finding that the petitioner's placement in solitary confinement in MVPC for several months was not distinguishable from criminal punishment, despite its civil label, and thus weighed heavily for the petitioner). In turn, Respondents allege that they have nothing to

attempt to rebut and therefore have submitted no evidence concerning Petitioner's specific conditions of confinement as well. *See* ECF No. 9, p. 8.[6]

Thus, relying on the limited facts presented to the Court, it is undisputed that Petitioner is detained at MVPC. A court in this District previously recognized that conditions at MVPC may resemble prison-like confinement. *See, e.g., C.B. v. Oddo*, 2025 WL 2977870, at *7 (W.D. Pa. Oct. 22, 2025). Further, as with any civil immigration detention, Petitioner is not free to leave. *See Fadel v. Warden of Moshannon Valley ICE Processing Ctr*, 2026 WL 1649901, at *4 (W.D. Pa. June 8, 2026). As such, in the absence of a more developed record, this factor weighs at least somewhat in Petitioner's favor.[7]

### v.   Balance of Factors

Therefore, because the duration of Petitioner's detention and the conditions of his confinement weigh in Petitioner's favor, while the other two factors remain neutral, the Court finds, based upon the specific facts of the petitioner's detention before it and underneath the standard set in *German Santos*, that Petitioner's detention under § 1226(c) has become unreasonable.

## III.   Remedy

Petitioner has requested the following forms of relief from this Court: "[a]ssume jurisdiction over this matter;" order the Respondents to comply with certain filing provisions; "[g]rant a Writ of Habeas Corpus requiring Respondent to provide [him] with an individualized

---

[6] Faced with this conundrum, Respondents could have submitted their own reports of the specific conditions that Petitioner faces, as these conditions would be known to at least one of them as the Warden of MVPC, to rebut Petitioner's generalized allegations. *See generally Nunez v. Oddo*, 2025 WL 2443437 (W.D. Pa. Aug. 25, 2025) (referencing Respondents' ability to provide affidavits, declarations, or other evidence regarding conditions of confinement).

[7] The Court notes that, even if it were to find that the lack of specific allegations from either side render this factor neutral, Petitioner would still be entitled to a bond hearing as the first factor would remain heavily in favor of Petitioner.

bond hearing before a neutral arbiter at which Respondent must bear the burden of establishing by clear and convincing evidence that [his] continued detention is justified[;]" and "[o]rder that the [I]mmigration [J]udge must consider alternatives to detention and [his] ability to pay when setting a monetary bond[.]" *See* ECF No. 1, p. 14-15. Alternatively, he asks that this Court "order the Respondents to release [him] from further unlawful detention and enter injunctive relief enjoining Respondent from unlawfully detaining [him] any further[,]" or any other such relief that the Court deems just and proper. *Id.* Yet Petitioner may only appropriately be afforded a constitutionally adequate bond hearing before an Immigration Judge.

The *Davis* Court enunciated the principle well when it remarked that "[t]he only remedy for an alien challenging [his] mandatory detention is a bond hearing." *Davis v. Warden Pike County Correctional Facility*, No. 4:22-cv-20, 2022 WL 4391686, at * 4 (M.D. Pa. Aug. 18, 2022). Indeed, when the Third Circuit has been faced with the very issue before this Court—whether an alien detainee's mandatory detention under 1226(c) has become unreasonable and thus violative of the Due Process Clause—and found that the detention in question had become unreasonably prolonged, the Third Circuit has consistently required the District Court to order a bond hearing— not the detainee's release. *See German Santos*, 965 F.3d at 210, 214 ("[W]hen detention becomes unreasonable, the Due Process Clause demands *a bond hearing*.") (quoting *Diop*, 656 F.3d at 233); *White*, 2024 WL 4164269, at *2. Numerous District Courts in this Circuit have likewise followed suit and found that a bond hearing, rather than release is the appropriate remedy in such instances. *See e.g., A.L. v. Oddo,* 761 F.Supp.3d 822, 826–27 (W.D. Pa. 2025) (Haines, J.); *Shonhai v. Lowe*, No. 3:24-cv-229, 2025 WL 510975, at *7 (M.D. Pa. Feb. 14, 2025); *Abioye v. Oddo*, 704 F.Supp.3d 625, 632 (W.D. Pa. 2023); *Nyamekye v.* Oddo, No. 22-cv-240J, 2023 WL 9271844, at *5 (W.D. Pa. Mar. 28, 2023) *R&R adopted by Nyamekye v. Oddo*, No. 3:22-cv-240, 2023 WL 9271879, at

*2–3 (W.D. Pa. May 4, 2023) (Haines, J.); *Smith v. Ogle*, No. 3:21-cv-1129, 2023 WL 3369154, at *8 (M.D. Pa. Jan. 3, 2023) *R&R adopted by Smith v. Ogle*, No. 3:21-cv-1129, 2023 WL 33692597 at *5 (M.D. Pa. Jan. 3, 2023); *Malede v. Lowe*, No. 1:22-cv-1031, 2022 WL 3084304, at *7 (M.D. Pa. Aug. 3, 2022). Particularly, in such instances, "the proper remedy" is "for the court to order a bond hearing before an *immigration judge.*" *Ema v. Wilkinson*, No. 1:21-cv-172, 2021 WL 3878289, at *2 n.2 (M.D. Pa. Mar. 17, 2021) (citing *German Santos*, 965 F.3d at 214; *Clarke v. Doll*, 481 F.Supp.3d 394, 398 (M.D. Pa. 202)); *see also Quinteros v. Warden Pike County Correctional Facility*, 784 F.App'x. 75, 78 (3d Cir. 2019) ("In a § 1226(c) bond hearing, *as in any other administrative hearings before an IJ* [Immigration Judge]....") (emphasis added).

Therefore, the only relief that this Court may appropriately afford Petitioner at this time is a constitutionally adequate bond hearing before an Immigration Judge. Although the Court will not at present order application of the procedural safeguards regarding the Immigration Judge's consideration of detention alternatives and ability to pay, Petitioner may apply to this Court for further relief in the future if he believes that the Immigration Judge has not afforded him constitutionally adequate procedures. *See Rivero v. Oddo*, 2026 WL 1382246, at *2 (W.D. Pa. May 18, 2026); *see also Campoverde v. Warden York Cty. Prison*, 2021 WL 2879505, at *4 (3d Cir. July 9, 2021) (reviewing an Immigration Judge's evaluation of a petitioner's financial circumstances during a bond hearing).

## IV.    Conclusion

As the duration of Petitioner's detention and the conditions of confinement weigh in Petitioner's favor, the Court finds, based upon the specific facts of the petitioner's detention before it, that Petitioner's detention under § 1226(c) has become unreasonable. "He is thus entitled to a bond hearing to gauge whether he still needs to be detained to keep him from fleeing or committing

more crimes." *German Santos*, 965 F.3d at 213. "To justify [Petitioner's] continued detention," "the Government must put forth clear and convincing evidence" to "support a finding that continued detention is needed to prevent him from fleeing or harming the community[,]" *id.* at 213–14 (citing *Chavez-Alvarez*, 783 F.3d at 477–78); "[i]f it cannot, it must release him."

Therefore, for the reasons set forth herein, the Court will **GRANT** Petitioner's Habeas Petition, ECF No. 1, in so much as it requests that this Court direct that he be afforded a constitutionally adequate bond hearing before an Immigration Judge and will **DENY** Petitioner's Habeas Petition, ECF No. 1, in all other respects. As such, this Court will **DENY** Petitioner's Motion at ECF No. 10 as moot. This Court will also direct Respondents to provide Petitioner a constitutionally adequate bond hearing before an Immigration Judge within ten (10) days of the entry of this Court's Opinion and Order. *See German Santos*, 965 F.3d at 214.

An appropriate Order follows.

## ORDER

**AND NOW**, this 1st day of July 2026, for the reasons stated in the Memorandum Opinion, it is hereby **ORDERED** that:

1. Petitioner's Habeas Petition is **GRANTED** in so much as it requests that this Court Order that he be afforded a constitutionally adequate bond hearing before an Immigration Judge.

2. Respondents shall provide Petitioner a constitutionally adequate bond hearing before an Immigration Judge within ten (10) days of the entry of this Order.

3. Petitioner's Habeas Petition, ECF No. 1, is **DENIED** in all other respects.

4. Petitioner's Motion Requesting an Update, ECF No. 10, is **DENIED** as moot.

14

5. The parties shall provide notice to the Court of the outcome of the individualized bond hearing within seven days of the date of the Immigration Judge's decision.

6. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Court Judge